[No. 859.]

## GEORGE T. DAVIS, RESPONDENT, v. C. N. NOTWARE, ET AL., APPELLANTS.

DEFENSE TO PROMISSORY NOTE—EXISTENCE OF JUDGMENT CANNOT BE SHOWN BY PAROL TESTIMONY.—The defendant claimed that the consideration of the note sued on was the sale of certain timber and other property, and offered by parol testimony to show that the timber was lost in an action at law to determine the right of property therein: *Held*, that the fact of such a suit or the judgment therein, could not be proved by parol.

IDEM—COUNTER-CLAIM.—A demand of one of several defendants cannot be pleaded as a counter-claim to a demand upon which they are jointly liable unless there is an agreement that it shall so operate.

IDEM—AGREEMENT CONSTRUED.—The agreement relied upon to establish a counter-claim, provided that any sum found to be due from Davis & Freeman to W. F. Davis (defendant) should remain in the hands of D. & F. until the note sued on has been paid, and until all claims against D. & F. for certain indebtedness are paid: *Held*, that by the terms of said contract the indebtedness therein mentioned was not to be credited upon the note.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*Ellis & King*, for Appellants.

*R. M. Clarke*, for Respondent.

By the Court, BEATTY, J.:

This is a suit to recover the unpaid balance of a promissory note of which plaintiff is the assignee. By way of defense to the action the answer alleges: 1. That the consid-

eration of the note was the sale of certain timber and other property; that the vendors had no title to the timber (which was invoiced at one thousand and seventeen dollars) and that the defendants therefore lost it; 2. That at the time of the making of the note the payees were indebted to one of the defendants, and that it was agreed, as part of the transaction, that said indebtedness should operate as a credit upon the note.

Plaintiff recovered a judgment for the full amount claimed by him, and the defendants appeal relying upon two assignments of error in the rulings of the district court.

The statement shows that on the trial the defendants offered to prove that the timber mentioned in the answer was lost through the result of a lawsuit brought to determine the right of property therein. The plaintiff objected to parol testimony as to the fact of the suit or the judgment therein, and the objection was sustained. There can be no doubt that this ruling was correct. The only ground upon which counsel contends that it was erroneous is, that parol testimony was necessary to identify the timber which was lost with the timber for which the note was given. No doubt parol testimony would have been necessary and competent for that purpose, but the ruling of the court was not made upon any such offer.

The next assignment of error relates to the counter-claim of the defendant, W. T. Davis, which, as the answer alleges, was by agreement of the parties to operate as a credit on the note.

The agreement relied upon in support of this allegation was a contract in writing between the defendant Davis upon the one part and the payees of the note upon the other part, which was executed at the same time as the note. It appears therefrom that at that time there were some unsettled accounts between Davis and said payees, and that the balance was understood to be in favor of Davis. Among numerous other stipulations relating to a variety of matters, the contract contains the following: "Also to permit any sum of money found to be due from Davis & Freeman to said W. T. Davis to be and remain in the hands of said

Davis & Freeman or said Gillson, as receiver, until a certain note for thirteen thousand five hundred and sixteen dollars and sixteen cents (the note in suit) made by W. T. Davis and C. N. Noteware, and payable to George Gillson, as receiver, has been paid, and until all claims against said firm of Davis & Freeman, or Davis, Freeman & Co., for indebtedness of the aforesaid stores, are fully settled and paid. In consideration whereof the said Davis & Freeman and George Gillson agree to make said sale to said C. N. Noteware and W. T. Davis," etc.

Having proved this contract, the defendants next offered to prove the amount of the indebtedness of Davis & Freeman to the defendant W. T. Davis; but the testimony was objected to by plaintiff and excluded by the court on the ground that by the terms of the contract said indebtedness was not to be credited upon said note, and was not due or demandable until after the payment of said note. We think the ruling of the court was correct.

In the absence of any special circumstances calling for the exercise of the equitable powers of the courts, a demand of one of the several defendants cannot be pleaded as a counterclaim to a demand upon which they are jointly liable, unless there is an agreement that it shall so operate. This seems to have been thoroughly understood by the defendants who expressly allege such an agreement in their answer.

The proof, however, failed to sustain the allegation. The stipulation above quoted does not enlarge, but rather restricts the rights of Davis as to the enforcement of his demand. If, independent of his agreement he could have relied upon it as a counter-claim in this action, we might not feel obliged to hold that he was thereby precluded from doing so, although a narrow and literal construction of the contract would sustain that view. But, as we have said, and as seems to be conceded, the statute (C. L., 1110,) does not authorize the demand of one defendant to be set-off against a demand upon which he is jointly liable with another unless it arises out of the very transaction upon which the plaintiff's claim is founded. Here there can be no pretense that the claim of the defendant Davis arose out of the trans-

action in which this note was given. The indebtedness to him existed before the sale of the property or the execution of the note, and there was no sort of connection between the two demands except that created by the stipulation above quoted, and the effect of that was merely to oblige Davis to abstain from collecting his demand until the affairs of Davis & Freeman were settled up.

It is contended, however, that to sustain the ruling of the district court on this ground, is to allow the respondent to avail himself of an objection to the testimony which was waived by the failure to state it at the time when the testimony was offered. It is urged that in the district court no objection was made upon the ground that a several demand cannot be pleaded as a counter-claim to a joint liability; but, on the contrary, that the only objection was that the agreement did not provide for crediting Davis' claim on the note.

There is no ground for this complaint. The objection was broad enough and specific enough for the occasion. The only ground upon which it was claimed in the answer that the demand of Davis could be set off against the joint liability of the defendants was that it had been agreed that it should be credited on the note; and it was sufficient for the plaintiff to object that no such agreement had been proved. It was not necessary that he should state the rule of law as part of his objection.

The judgment and order appealed from are affirmed.